IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01415-WJM-MJW

COMMONWEALTH PROPERTY ADVOCATES, LLC,

Plaintiff(s),

v.

U. S. BANK NATIONAL ASSOCIATION, as trustee, successor-in-interest to Bank of America, National Association as trustee, successor by merger to LaSalle Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and NEW CENTURY MORTGAGE CORPORATION,

Defendant(s).

---

**ORDER REGARDING
BANK DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
(DOCKET NO. 83)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Bank Defendants' Motion to Strike Plaintiff's Expert Witness (docket no. 83).  The court has reviewed the subject motion (docket no. 83), the response (docket no. 85), and the reply (docket no. 86).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion (docket no. 83), the Bank Defendants seek an Order from this court striking Plaintiff's expert witness, Stephanie Reynolds.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the decision whether to strike an expert witness is vested within the sound discretion of the trial court. See Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1168 (10th Cir. 2000). The court has broad discretion to enforce its scheduling orders. See Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). Deadlines established by the court in the Scheduling Order are not merely aspirational. See Young v. City of Palm Bay, 358 F.3d 859, 864 (11th Cir. 2004). Accordingly, the failure of a party to disclose an expert pursuant to a deadline established by the court is grounds for exclusion of the expert witness under Fed. R. Civ. P. 37(c)(1) and Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 895 (10th Cir. 2006). Further, Fed. R. Civ. P. 16(f) specifically authorizes the court to sanction a party for failing to comply with its scheduling order by excluding evidence;

5. That expert witness, Stephanie Reynolds, was identified by the Plaintiff for the first time in the Proposed Final Pretrial Order filed

3

with court on June 3, 2011 (docket no. 76);

6. That Plaintiff did not make a timely disclosure of Ms. Reynolds per the Scheduling Order entered in this case nor did the Plaintiff make an adequate disclosure of Ms. Reynolds pursuant to Rule 26(a)(2);

7. That in Plaintiff's Response (docket no. 85), Plaintiff has not demonstrated any basis why Plaintiff could not have met the deadline set for disclosing expert witnesses as outlined in the Scheduling Order and has further not demonstrated any substantial justification for failing to do so;

8. That a Final Pretrial Order was entered in this case on June 7, 2011.  See docket no. 81.  Moreover, discovery has been completed, and dispositive motions (docket nos. 29, 43, and 60) have been filed and are fully briefed and ripe for ruling before Judge Martinez;

9. That Defendants would suffer prejudice if this court were to allow this untimely endorsement of Ms. Reynolds.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Bank Defendants' Motion to Strike Plaintiff's Expert Witness (docket no. 83) is **GRANTED**;

2. That Plaintiff's expert witness, Stephanie Reynolds, is STRICKEN,

4

and she may not testify at the trial on the merits;

3. That the Final Pretrial Order (docket no. 81) is amended consistent with this Order; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of July 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE