**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01415-WJM-MJW

COMMONWEALTH PROPERTY ADVOCATES, LLC,

    Plaintiff,

v.

U. S. BANK NATIONAL ASSOCIATION, as trustee, successor-in-interest to Bank of America, National Association as trustee, successor by merger to LaSalle Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
NEW CENTURY MORTGAGE CORPORATION,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND VACATING ALL REMAINING SETTINGS**

---

Plaintiff Commonwealth Property Advocates brings this action against Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., and New Century Mortgage requesting equitable relief with respect to a property at 7989 Windwood Way, Parker, Colorado 80134.  Before the Court are three Motions: (1) Defendants'[1] Amended Motion to Dismiss (ECF No. 29); (2) Plaintiff's Motion for Default Judgment (ECF No. 43); and (3) Defendants' Motion for Summary Judgment (ECF No. 60).  Defendants have also filed a Motion for Sanctions (ECF No. 61), which will be addressed in a separate order.

---

[1] The Court notes that default has been entered against New Century Mortgage.  (ECF No. 28.)  Accordingly, the Court's reference to "Defendants" does not include New Century Mortgage.

## I. **FACTUAL BACKGROUND**[2]

Plaintiff is a limited liability corporation based in Utah that purchases property from homeowners facing foreclosure with the intent of exhausting all possible remedies in order to keep families from being displaced from their homes. (Am. Compl. ¶¶ 1, 8-9.) Defendant U.S. Bank is named as "Trustee, Successor-In-Interest to Bank of America, National Association as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX" is a Minnesota Corporation. (*Id.* ¶ 2.) Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation. (*Id.* ¶ 3.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

This action involves the legal rights to a property located at 7989 Windwood Way, Parker, Colorado 80134 ("Property"). On September 25, 2006 Albert and Mary Maund ("Borrowers") executed a Promissory Note ("Note") for $337,500 in favor of Defendant New Century Mortgage Corporation. (Am. Compl. ¶ 10; Aff. of Jaime Walls ¶ 2.) The same day, Borrowers executed a Deed of Trust for the Property. (Am. Compl. Ex. B.) The Borrowers failed to make their payment on the Note in November 2009 and every month thereafter. (Stipulated Facts (ECF No. 81) ¶ 3.)

On March 8, 2010, U.S. Bank recorded a Notice of Election and Demand for Sale in the office of the Douglas County (Colo.) Clerk and Recorder. (Stip. Facts ¶ 4.) On June 9, 2010, the District Court for Douglas County issued an Order Authorizing

---

[2] Because, as discussed below, the Motion to Dismiss challenges the Court's Article III jurisdiction, the Court has considered evidence beyond the allegations in the Amended Complaint.

Sale of the Property. (*Id.* ¶ 5.) The Property was sold to U.S. Bank at public auction on July 7, 2010 and the Public Trustee issued and recorded a Confirmation Deed to U.S. Bank on July 22, 2010. (*Id.* ¶ 6; ECF No. 29-2.) On July 22, 2010, the District Court for Douglas County issued an order approving the July 7, 2010 foreclosure sale. (Stip. Facts ¶ 7.)

During the foreclosure process, but prior to the foreclosure sale, the Borrowers entered into a "Client Agreement" with Plaintiff whereby the Borrowers would execute a quit claim deed to Plaintiff in return for Plaintiff's services. (ECF No. 60-9.) The quit claim deed in favor of Plaintiff for the Property was recorded in Douglas County on May 25, 2010. (Am. Compl. Ex. A.)

Plaintiff filed the instant action on June 16, 2010. (ECF No. 1.) Plaintiff's Amended Complaint, filed July 8, 2010, sets forth four causes of actions: (1) a request for injunctive relief seeking to enjoin the foreclosure sale; (2) a claim that Defendants should be estopped from asserting any rights on the Note; (3) a request for a declaratory judgment as to Defendants' interest in the Property; and (4) an action to quiet title on the Property. (ECF No. 11.) Plaintiff alleges a "Fifth Cause of Action: Refund, Fees, and Costs" that the Court views as a request for relief dependent on the other four claims rather than an independent cause of action. (*Id.*)

## II.  LEGAL STANDARD

Defendants move to dismiss all four causes of action set forth in the Amended Complaint arguing that the claims are moot and/or that Plaintiff lacks standing to assert said claims. Although Defendants purport to move pursuant to Federal Rule of Civil

Procedure 12(b)(6), they cite materials other than the Amended Complaint and argue that the Court lacks subject matter jurisdiction. Thus, the Court construes the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merril Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). The instant Motion falls into the latter category. Thus, the Court "may not presume the truthfulness of the factual allegations in the complaint, but must consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata Cty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).

### III.  ANALYSIS

The Court will address the merits of Defendants' Motion to Dismiss and Plaintiff's Motion for Default Judgment below.

**A.   Motion to Dismiss**

Defendants argue that the first three claims are moot because the foreclosure sale has already occurred and been confirmed by the Douglas County District Court. With respect to the fourth claim, Defendants allege that Plaintiff has failed to show that it has standing. The Court will address each of these arguments in turn below.

1.   Claims 1-3

" Article III limits a federal court's jurisdiction to 'cases and controversies.'"

*Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (quoting U.S. Const. art III, § 2, cl. 1).  "'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'"  *Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 501 (10th Cir. 2000) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)).  Federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [them]."  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotations omitted).  For that reason, a party must seek relief that is "capable of addressing the alleged harm."  *Nat'l Advertising Co. v. City & County of Denver*, 912 F.2d 405, 411 (10th Cir.1990); *see also McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) ("A claim will be deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." (internal quotations omitted)).  This requirement exists "at all stages of the proceedings," not only at the inception of the case.  *Nat'l Advertising*, 912 F.2d at 411.

"Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit."  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  When the Court applies the mootness doctrine in the declaratory judgment context, "[i]t is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff."  *Id.* at 1109–10.

Plaintiff's first three claims are all aimed at preventing the sale of the Property by the Public Trustee. Plaintiff's first cause of action seeking an order "enjoining disposition of the subject realty by present parties." (Am. Compl. ¶ 38.) As the sale has already occurred, the Court cannot now enjoin such sale. *See Thournir v. Buchanan*, 710 F.2d 1461, 1463 n.2 (10th Cir. 1983) ("If the event sought to be enjoined has occurred, the applicant has already suffered the harm that she sought to forestall. At that point, an injunction cannot provide a remedy."). Therefore, Plaintiff's first claim is moot.

Plaintiff's second and third claims seek an "Order declaring that defendants lack any interest under the Trust Deed." (Am. Compl. ¶¶ 46, 54.) The sale of the Property by the Public Trustee, the Public Trustee's issuance of the deed to U.S. Bank, and confirmation of the foreclosure sale has resolved the issue of whether U.S. Bank had an interest in the property. *See In re Roberts*, 367 B.R. 677 (Bankr. D. Colo. 2007) (the federal court is "bound to honor the Public Trustee's Deed because, under Colorado State law, it is prima facie evidence of [the bank's] ownership of the Property."). The Court must give full-faith and credit to the state court's decisions. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005) (citing 28 U.S.C. § 1738). Thus, there is no longer a live controversy with respect to whether Defendants had an interest in the Property and whether a foreclosure sale should take place. *Church of Scientology,* 506 U.S. at 12 (holding that a controversy is no longer "live" if the court cannot give "any effectual relief").

Because there is not now a live controversy with respect to claims Two and Three of the Amended Complaint for this Court to resolve, these claims are also moot.

*Out of Line Sports,*  213 F.3d at  501.

    2.   <u>Claim 4</u>

Plaintiff's fourth cause of action asks the Court to quiet title in favor of Plaintiff and against Defendants.  The Court finds that this claim is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine, derived from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "prohibits federal suits that amount to appeals of state-court judgments."  *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir.2006). The doctrine is grounded in Congress' grant of appellate jurisdiction to review state court decisions exclusively to the Supreme Court.  As such, a claim inviting a federal district court to review and reverse an unfavorable state court decision is outside the jurisdiction of a lower federal court.  *See, e.g., Rooker*, 263 U.S. at 416. The *Rooker-Feldman* doctrine "applies in cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591 at * 2 (D. Colo. May 7, 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* doctrine is applicable both to claims at issue in the state court order confirming the foreclosure sale and to claims that are "inextricably intertwined" with that order.  *Exxon-Mobil*, 544 U.S. at 286, n.1 ("[A] district court

[can]not entertain constitutional claims attacking a state-court judgment, even if the state court [did] not pass[ ] directly on those claims, when the constitutional attack [is] inextricably intertwined with the state court's judgment.") (internal quotation marks and citation omitted).  By asking the Court to quiet title in its favor, Plaintiff is attempting to obtain a ruling from the Court that would, in effect, nullify or undo the state foreclosure proceedings.  Even if the state court did not explicitly find that Defendants had an interest in the Property prior to confirming the Public Trustee's sale, Defendants' interest in the Property was inextricably intertwined with the sale and with the confirmation of the sale.  The Public Trustee has issued a deed to U.S. Bank as a result of the sale.  Because any order by the Court on Plaintiff's claim to quiet title has the potential to reverse or undo the state court judgment, the Court lacks subject matter jurisdiction over Plaintiff's fourth cause of action.  *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (district court lacks jurisdiction over an action that was inextricably intertwined with claims already adjudicated by state court and the relief sought would reverse or undo state judgment).

    3.    <u>Conclusion</u>

For the reasons set forth above, Defendants' Motion to Dismiss is granted.[3]  Because the Court has granted the Motion to Dismiss, Defendants' Motion for Summary Judgment is rendered moot.  *See Friends of Santa Fe Cty. v. LAC Minerals, Inc.*, 892 F. Supp. 1333, 1360 (D.N.M. 1995).

---

    [3] As previously noted, Plaintiff's Fifth "Cause of Action" is not itself an independent claim, but is a request for relief for the wrongs alleged in Counts One through Four.  Thus, the Court need not substantively address any issue raised therein.

**B.     Motion for Default Judgment**

Also pending in this case is Plaintiff's Motion for Default Judgment. Plaintiff moves for a judgment "declaring that [New Century Mortgage] lacks any rights in the subject loan, and quieting title of plaintiff against said Defendant in the subject realty." (ECF No. 43 at 1.) However, as discussed above, the Douglas County District Court has confirmed the Public Trustee's sale of the Property and, therefore, each party's rights in the loan and the rights to the title of the Property have already been determined. The Court must give full faith and credit to the decision of that court and lacks jurisdiction to enter any order that would reverse or undo the state court's actions.

Because the Court is powerless to enter the relief requested in the Motion for Default Judgment, such Motion is denied.

## IV.  **CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Amended Motion to Dismiss (ECF No. 29) is GRANTED;
2. Defendants' Motion for Summary Judgment (ECF No. 60) is DENIED as moot;
3. Plaintiff's Motion for Default Judgment (ECF No. 43) is DENIED;
4. All outstanding settings in this case, including without limitation the January 3, 2012 Final Trial Preparation Conference and the January 23, 2012 Bench Trial are VACATED.

As previously noted, the Court will consider Defendants' Motion for Sanctions in a separate order. The Clerk shall refrain from entering judgment until the Court has

resolved the Motion for Sanctions.

Dated this 4th day of November, 2011.

BY THE COURT:

William J. Martinez
United States District Judge